IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| VICKIE KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:13-cv-2992 |
| | ) | |
| AMERICAN GENERAL LIFE AND | ) | Judge McCalla |
| ACCIDENT INSURANCE COMPANY, | ) | Magistrate Judge Claxton |
| | ) | |
| Defendant. | ) | |

ANSWER OF AMERICAN GENERAL LIFE INSURANCE COMPANY

Defendant American General Life Insurance Company (formerly known as American General Life and Accident Insurance Company, which has merged into American General Life Insurance Company, with American General Life Insurance Company as the surviving corporate entity) ("American General"), pursuant to Fed. R. Civ. P. 12, states as follows for its Answer to the Complaint filed by Plaintiff Vickie King.

1. American General denies the allegations in paragraph 1. Effective December 31, 2012, American General Life and Accident Insurance Company, a Tennessee company, merged into American General. American General is a Texas company with its principal place of business located at 2119 Allen Parkway, Houston, Texas 77019.

2. American General is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. American General admits that it issued a policy of life insurance, policy no. 211543870, on September 16, 2011, that insured the life of Joenathan Meeks (the "Policy"), in

the principal amount of $100,000.00.  American General admits that Exhibit A attached to the Complaint appears to be a copy of the Policy.

4. American General admits that Plaintiff was designated as the sole beneficiary of the Policy.  American General is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4.

5. American General admits that the Tennessee Department of Health Certificate of Death Number 026087 speaks for itself, including the cause of death contained in this Certificate of Death.  To the extent the allegations contained in paragraph 5 are inconsistent with the Certificate of Death, they are denied.  American General is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.

6. American General admits the allegations in paragraph 6.

7. It is admitted that Plaintiff provided American General with a copy of the Certificate of Death for the insured.  American General is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

8. American General admits that the Policy speaks for itself.  To the extent the allegations contained in paragraph 8 are inconsistent with the Policy, they are denied.

9. American General admits that it sent Plaintiff a letter dated February 25, 2013.  American General admits that the letter speaks for itself.  To the extent the allegations contained in paragraph 9 are inconsistent with the letter, they are denied.

10. American General is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. American General admits that it sent Plaintiff a letter dated June 14, 2013. American General admits that the letter speaks for itself. To the extent the allegations contained in paragraph 11 are inconsistent with the letter, they are denied.

12. American General admits that it sent Plaintiff a letter dated July 18, 2013. American General admits that the letter speaks for itself. To the extent the allegations contained in paragraph 12 are inconsistent with the letter, they are denied.

13. American General admits that it sent Plaintiff a letter dated August 8, 2013. American General admits that the letter speaks for itself. To the extent the allegations contained in paragraph 13 are inconsistent with the letter, they are denied.

14. American General admits that it sent Plaintiff a letter dated August 9, 2013. American General admits that the letter speaks for itself. To the extent the allegations contained in paragraph 14 are inconsistent with the letter, they are denied.

15. American General admits that the proceeds of the Policy have not yet been paid. American General denies that it has an immediate obligation to pay such proceeds, as American General's reasonable, good-faith investigation under the Policy's contestability provision is ongoing and American General has not yet made a determination or denial of Plaintiff's claim as to the Policy proceeds.

16. American General is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. American General is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. American General denies the allegations in paragraph 18.

19. American General denies the allegations in paragraph 19.

20. American General denies the allegations in paragraph 20.

21. American General denies that Plaintiff is entitled to the relief requested in Plaintiff's prayer for relief.

22. All allegations not specifically admitted are hereby denied. American General denies that Plaintiff is entitled to any of the relief requested in the Complaint. American General requests that the Complaint be dismissed with prejudice and costs taxed to Plaintiff.

## ADDITIONAL DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred in whole or in part by the terms of the Policy.

3. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

4. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

5. Plaintiff's claims are barred because American General has at all times operated in good faith and has not yet made a determination or denial of Plaintiff's claim as to the Policy proceeds.

6. American General presently has insufficient knowledge or information on which to form a belief as to whether it may have available additional, as yet unstated, defenses. American General reserves the right to assert other defenses as this action proceeds.

Dated: December 26, 2013.

        Respectfully Submitted,

        By: /s/ Overton Thompson III
        Overton Thompson III (BPR # 11163)
        BASS, BERRY & SIMS PLC
        150 Third Avenue South, Suite 2800
        Nashville, Tennessee 37201
        Telephone: (615) 742-7730
        Facsimile: (615) 742-2804

        *Attorneys for Defendant, American General Life Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and exact copy of the foregoing document has been forwarded, via regular U.S. mail, postage pre-paid, to the following on December 26, 2013:

Ricky E. Wilkins, Esq.
Sharon Harless Loy, Esq.
Law Offices of Ricky E. Wilkins
The Shrine Building
66 Monroe Avenue, Suite 103
Memphis, Tennessee 38103

*Attorneys for Plaintiff Vickie King*

        /s/ Overton Thompson III

12663614.1

5